[J-9-2013] [OAJOC: Baer, J.]

**IN THE SUPREME COURT OF PENNSYLVANIA**
**MIDDLE DISTRICT**

| | |
|---|---|
| COMMONWEALTH OF PENNSYLVANIA, | : No. 58 MAP 2012 |
| | : |
| Appellee | : Appeal from the Order of the Superior |
| | : Court entered January 20, 2012 at No. |
| | : 2464 EDA 2009 which |
| v. | : Vacated/Remanded the Judgment of |
| | : Sentence of Delaware County Court of |
| | : Common Pleas, Criminal Division, entered |
| SHATAAN ADAMS, | : July 14, 2009 at No. 23-CR-0002312- |
| | : 2008. |
| Appellant | : |
| | : ARGUED:  September 10, 2013 |

**DISSENTING OPINION**

**MADAME JUSTICE TODD**                              **DECIDED:  November 20, 2014**

I would not address whether the Fifth Amendment applies in the instant context, because, as Justice Saylor explains, Article I, Section 9 of the Pennsylvania Constitution provides greater protection and precludes the prosecution's use of an accused's silence, except in certain limited circumstances not implicated herein.  See Dissenting Opinion (Saylor, J.) at 1-2 & n.1.  In the instant case, Appellant did not testify or otherwise raise any issue upon which his silence had significant probative value, and, thus, the privilege against self-incrimination under our state charter precluded the Commonwealth from using that silence at trial.  Moreover, I agree with Justice Saylor that our current harmless error jurisprudence adequately serves the interest of judicial efficiency, and that the Commonwealth's preferred course ignores this Court's limited competency in assessing the relative value of witness credibility.  See id. at 4-5.  Finally, under the instant circumstances, I further agree with Justice Saylor that the

Commonwealth's use of Appellant's pre-arrest silence may well have affected the jury's verdict and, thus, warrants retrial.  <u>Id.</u> at 3-5.  Accordingly, I respectfully dissent.